Hitchcock, J.
It is evident that during coverture 3ohn Mansfield was possessed of the premises in which dower is ^claimed, as an estate of inheritance, and of course this complainant is en- [29 titled to the relief sought, unless there is something in the case which will operate to defeat her claim.
It is resisted on two grounds: 1. On account of the divorce decreed by the circuit court of Campbell county, Kentucky ; and 2. On account of the agreement to release dower, claimed to have been made subsequent to the divorce.
As respects this agreement, something of the kind is testified to by a witness by the name of Walker, who is far advanced in life) and who appears to have a very indistinct recollection of the circumstances, in relation to which he testifies. But from the other evidence in the case, it is manifest, that this witness refers to a transaction which took place long prior to the divorce and probably about the time of the separation. There can be no doubt, that an agreement made between husband and wife after a divorce, whereby she shall agree for a good consideration to release her right of dower, might be enforced in equity; and should the consideration be paid, the wife would not, after the death of her bus-band, be permitted to recover her dower. But in the case before us there is no evidence to sustain such an agreement, and the defense set up by the defendants on this ground entirely fails;, and the only question in the case is, whether this woman is barred of her dower by the divorce in Kentucky.
*30 From anything which appears in the case, this divorce ought to be deemed valid in this state as well as in the state where it was prononneed. The petitioner was a resident of Kentucky. The defendant had been a resident. By the laws of that state the court had jurisdiction, and the notice required by their statute had been given. But the real question is whether a divorce decreed in Kentucky, or in any other state than Ohio, can have any effect upon the rights of the wife, so far as property in this state is concerned.
Our act relating to dower provides : “ That the widow of any person dying shall be endowed of one full and equal third part of all the lands, tenements, and real estate, of which her husband 30] was seized, as an estate of inheritance ^during coverture.” Of this right she may be barred by jointure, but it can not be defeated by any separate act of the husband during coverture. If she elope from her husband and live with another man in a state of adultery, she loses her right of dower ; but, in such ease, if she return to her husband and he becomes reconciled to her, she is restored to this right. These are the only cases named in this act which operate as a bar.
In section 6 of the “ act concerning divorce and alimony,” it is provided “that when the cause of divorce shall arise from the aggression of the wife, she shall be barred of her right of dower, whether there be issue or not.” But does this apply to divorces generally, or to those decreed by our own courts in pursuance of this statute ? A very slight examination of the statute will be sufficient to convince any one that it applies only to divorces decreed in our own courts. If the divorce is on account of the aggression of the husband, the wife is restored to all her real estate, and is to be allowed, out of the real and personal estate of her husband, such share as the court shall deem reasonable, having regard to the personal property that came to the husband by the marriage. But if the divorce shall arise from the aggression of the wife, the court may order to her, restoration of the whole ora part of the lands, tenements, and hereditaments, and also such share of the husband’s personal property as may appear reasonable, all ch’cumstances considered. In the latter case she is barred of the right of dower in her husband’s lands, in the former she is not. If there are children of the marriage who are infants, the court are authorized to direct that they be committed to the guardianship *31 of the mother, or remain with the father, as shall seem most expedient. In fine, the court are authorized to make such disposition of the property, and also of the children, as shall do perfect justice between the parties. Now, this can not be done by a court in another state, certainly not under the provisions of our law, and therefore it could not have been the intention of the legislature to declare the effect of any other decrees than those pronounced by our own courts.
*It is urged, however, that by the statute, a woman, in order [31 be entitled to dOwer, must be the widow of the decedent, and it is said that the complainant is not the widow of John Mansfield, having ceased to be his wife long before his death. But is this true? By our law, when a divorce is decreed both parties are absolved from the obligations of the marriage contract. In looking into the decree in the present case, however, I find that although John Mansfield is divorced from his wife, she is not, in terms, released from any of her obligations to him. From aught that appears in the decree she still continued to be his wife. If so, upon his death she became his widow. But aside from this consideration, this objection can not be sustained. By our law, although the divorce operates to release both parties from the obligations of the contract, still if it be decreed in consequence of the aggression of the husband, the wife is not barred of her right of dower, but upon the death of her husband may enforce that right, in the same manner she might have done had she continued to live with him until the day of his death.
The complainant is entitled to a decree. Decree for the complainant.