**DOROTHY LENORA PERKINS, by THOMAS E. McLEMORE and MINNIE L. GAULT, as her next friends, v. R. H. BROWN.**

27 So. (2nd) 521                                          June Term, 1946
October 8, 1946                                              Division B

*Howell, McCarthy, Lane & Howell* and *Edward McCarthy, Jr.,* for appellant.

*George C. Bedell* and *J. M. Glickstein,* for appellee.

SEBRING, J.:

Elsie Perkins, a widow, married R. H. Brown on July 29, 1937. Thereafter, during coverture, Mrs. Elsie Perkins Brown executed the following last will and testament, in favor of Dorothy Lenora Perkins, a minor daughter by her former marriage:

"I, Elsie Perkins Brown, being of sound and disposing mind and memory, do make this my last will and testament, hereby revoking any and all others that I have heretofore made.

"Item 1. It is my will and desire that my body be buried in a Christian-like manner, the place and details of which I leave to my niece Lois Elizabeth Bell and my mother Emma Lula Bell.

"Item 2. It is my will and desire that all my just debts be paid as soon as practicable after my death.

"Item 3. I will, bequeath and devise that all of my property, both real and personal, of whatever kind and wherever situated, to my daughter Dorothy Lenora Perkins. It is my will that out of the property left to my daughter, that enough money shall be used for the support of my mother and my niece Lois Elizabeth Bell.

"Item 4. I hereby make my mother, Emma Lula Bell and my niece Lois Elizebeth Bell, the executors of this will and I relieve them from making any returns or inventory to any Court whatever, or from giving bond, and they are required only by this will to probate the will and they shall have authority to sell whatever real estate there is at whatever amount they deem reasonable and at whatever time they deem advisable.

"This the 9th day of February, 1938.

Mrs. Elsie Perkins Brown"

Mrs. Elsie Perkins Brown obtained a decree of divorce from R. H. Brown on December 9, 1939. Several months later the parties were reunited and from that time lived together as husband and wife until May 2, 1945, when Mrs. Brown died. Nine days after her death Brown obtained letters of administration upon her estate based upon a sworn petition alleging that he was the surviving spouse and that the decedent had

died intestate. On June 28, 1945 Dorothy Lenora Perkins produced the will of her mother and asked that it be admitted to probate and that the letters of administration previously granted to her step-father be revoked by the county judge. The petition for probate and revocation also prayed for the appointment of the Atlantic National Bank of Jacksonville as administrator c.t.a. of her mother's estate; it being shown by the petition that Emma Lula Bell and Lois Elizabeth Bell, the personal representatives named in the will, had predeceased the testatrix. The stated grounds for the revocation of the letters of administration issued to Brown were that the stepfather had no interest in the estate; that he was unfitted for such position of trust; and that he was disliked and distrusted by Dorothy Lenora Perkins, the only person who did have an interest in the estate.

On October 26, 1945, the last will and testament of Mrs. Elsie Perkins Brown was duly admitted to probate, and the county judge entered an order that letters of administration c.t.a. be issued to Brown, the surviving spouse. By a subsequent order entered upon the issue of whether R. H. Brown, the surviving spouse, was entitled to share in the estate of the decedent, the county judge decreed that R. H. Brown was entitled under the laws of Florida to a share in the estate of the said decedent equal in value to that which he as such surviving spouse would have received if the testatrix had died intestate.

This order was predicated upon the finding by the county judge that there was a valid remarriage between Brown and his former wife subsequent to the execution of the will and the divorce between the parties, and that the relationship of husband and wife existed at the time of the death of the decedent; that no provision had been made for the husband either by marriage contract or by the will and the will did not disclose an intention not to make such provision; and that accordingly R. H. Brown was entitled to share in the estate by reason of the provisions of sections 731.10 and 731.14 Florida Statutes, 1941, F.S.A., which read: "When a person married after making a will and the spouse survives the testator, such surviving spouse shall receive a share in the estate of the

testator equal in value to that which surviving spouse would have received if the testator had died intestate, unless provision has been made for such spouse by marriage contract or unless such spouse is provided for in the will, or unless the will discloses an intention not to make such provision. The share of the estate which is assigned to such pretermitted spouse shall be raised in accordance with the order of appropriation of assets set forth in this law." (Sec. 731.10 Florida Statutes 1941, F.S.A.). " . . . Neither subsequent marriage nor subsequent marriage and birth of issue shall revoke the prior will of any person; but the pretermitted child or spouse shall inherit as set forth in this law regardless of such prior will." (Sec. 731.14 Florida Statutes 1941, F.S.A.).

The orders entered by the county judge were appealed to the Circuit Court of Duval County, and were affirmed. The present appeal is from the judgment of affirmance.

It is admitted by the appellant that the relationship of husband and wife existed between Elsie Perkins Brown and R. H. Brown at the time of the death of the decedent and that no provisions have been made for the surviving spouse either by marriage contract or by the terms of the will. However, the appellant maintains that the will discloses an intention not to make such provision for the husband, and that consequently he is not entitled to share in the estate. We think that the position of the appellant on this point is well-founded. It is our view that the provision contained in the statute, to the effect that the surviving spouse shall share in the estate of the decedent "unless the will discloses an intention not to make such provision," does not mean that such intention must be written into the will in express words; but that such result may follow as an unavoidable inference to be drawn from the conditions and circumstances of the parties at the time of the execution of the instrument.

The will involved in the present appeal cannot be read in the light of the conditions existing at the time of its execution without perceiving that the dominant purpose of the testatrix was to provide for persons close to her by ties of blood and to completely exclude the husband. At the time of the execution of the will the testatrix was living with her husband. Never-

theless, all of the estate is left to a minor child by a prior marriage subject only to a charge for support in favor of the decedent's mother and a niece. Not even temporary dominion over the property at the death of the testatrix is given to the husband, for the mother and niece of the testatrix were named as personal representatives of the estate with directions that they shall serve without bond and without making returns or inventory and that they may sell the real estate at whatever time and for whatever amount they deem reasonable. The unavoidable inference from the language of the will made at a time when the status of the parties was precisely the same as it was at the time of the death of the testatrix intended to exclude her husband from participation in her estate, which intention is as clearly disclosed by the will as though Mrs. Brown had expressly stated in the instrument; "I give my property to my daughter, Dorothy Lenora Perkins, subject only to a charge for support in favor of my mother and my niece, and to my husband, R. H. Brown, with whom I am now living, I leave nothing."

The intention of the testatrix being thus so clearly disclosed by the language of the will when read in the light of the conditions attendant upon its execution, we are of the view that her subsequent marriage to the same spouse after an intervening divorce between the parties did not have the effect of bringing the surviving spouse within the operation of the statute quoted above, which entitles a pretermitted surviving spouse to receive a share in the estate equal in value to that which he would have received had the testatrix died intestate.

The only other question for consideration is whether error was committed by the circuit court in affirming the order of the county judge in appointing R. H. Brown as administrator c.t.a. of the estate of Elsie Perkins Brown, deceased. The appellant maintains that inasmuch as R. H. Brown has no interest in the estate to be administered and the beneficiary objects to his serving as personal representative the county judge ought not to have appointed him.

In view of our conclusion that the surviving spouse is not entitled to share in the estate of the decedent, we do not decide the second point but reverse the decree and remand the

cause with directions to the circuit court to remand the cause to the county judge to reconsider and redetermine whether the order appointing the administrator c.t.a. should stand.

It is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.