# 266

466 P.2d 112

**In the Matter of the Last WILL and Testament of R. W. GRAEF, Deceased.**
**Amber B. GRAEF, Appellant,**

v.

**Susan Wendy GRAEF and Catherine Eloise Graef, Appellees.**

No. 8782.

Supreme Court of New Mexico.

Jan. 12, 1970.

Rehearing Denied March 16, 1970.

Catron, Catron & Donnelly, Santa Fe, for appellant.

Jones, Gallegos, Snead & Wertheim, Santa Fe, for appellees.

---

## OPINION

COMPTON, Justice.

The Bank of Santa Fe filed a petition to probate the Last Will and Testament of Robert W. Graef. Appellees, Susan Wendy Graef and Catherine Eloise Graef, daughters of the decedent by a former marriage, objected to the probate of the will on the ground that his marriage to the appellant, Amber B. Graef, subsequent to the making of the will, invalidated any bequest or devise to her. The trial court concluded that under the provisions of § 30–1–7.1, N.M.S.A.1953 (1967 Supp.), the will was revoked as it concerned the appellant, and she appealed.

The facts are not controverted. On February 23, 1968, Robert W. Graef made his Last Will and Testament, which named the appellant, then Amber B. Chittenden, as a beneficiary. On June 15, 1968, Mr. Graef married the appellant. On June 26, 1968, Mr. Graef died.

The relevant provisions of the statute read:

"A. If after making a will the testator marries and then dies, so far as the surviving spouse is concerned he shall be deemed to die intestate, and the surviving spouse or the descendants of the surviving spouse shall be entitled to such proportion of the estate of the testator as if he had died intestate; and all the other inheritances, devises and bequests shall be reduced a proportional part. * * *"

The appellant argues that we should interpret the statute as to prevent the unintentional disinheritance of a surviving spouse, and that she as the surviving spouse, at her election, has the sole right to invoke the statute, citing cases from other jurisdictions where election is permitted by the surviving spouse. But our statute does not read that way. Here, the statute is clear and unambiguous and is not open to construction. Compare Torres v. Gamble, 75 N.M. 741, 410 P.2d 959; Martinez v. Research Park, Inc., 75 N.M.

672, 410 P.2d 200. The legislative intent is clear; the statute clearly operates as to deny the appellant the right to take under the provision of decedent's will. See Williams v. Lane, 193 Ga. 306, 18 S.E.2d 481; Francis v. Marsh, 54 W.Va. 545, 46 S.E. 573.

The judgment should be affirmed.

It is so ordered.

TACKETT, J., and SPIESS, C. J., Ct. App., concur.

HENDLEY, J., Ct.App., dissenting.

MOISE, C. J., concurring in dissent.

HENDLEY, Judge, Court of Appeals (dissenting).

I cannot agree with the reasoning used or conclusion reached by the majority.

The majority would have us read the language of the statute so as to deny the surviving spouse the right to take under the will on the grounds that the statute is clear and unambiguous and not open to construction. I do not so read the statute. Under the present facts it is not clear or unambiguous. The statute is subject to construction.

Section 30–1–7.1, N.M.S.A.1953 (Supp. 1967) (Laws of 1967, ch. 257, § 1), states:

"A. If after making a will the testator marries and then dies, so far as the surviving spouse is concerned he shall be deemed to die intestate, and the surviving spouse or the descendants of the surviving spouse shall be entitled to such proportion of the estate of the testator as if he had died intestate; and all the other inheritances, devises and bequests shall be reduced a proportional part.

"B. If after making a will the testator becomes divorced, all provisions in the will in favor of the testator's spouse so divorced are thereby revoked.

"C. Except for the circumstances described in subsections A and B of this section and the provisions of 29–1–16 and 30–1–7 New Mexico Statutes Annotated, 1953 Compilation, no written will nor any part thereof can be revoked by any change in the circumstances or condition of the testator."

In the construction of the statutory or local laws of a State, it is frequently necessary to recur to the history and situation of the country, to ascertain the reason, as well as meaning, of their provisions, to enable a court to apply different rules for construing statutes. Tafoya v. Garcia, 1 N.M. 480 (Gild.1871).

Prior to 1967, New Mexico followed the common law rule that a will was revoked by a subsequent marriage. In re Lewis' Will, 41 N.M. 522, 71 P.2d 1032 (1937); In re Teopher's Estate, 12 N.M. 372, 78 P. 53, 67 L.R.A. 315 (1904). This rule was so well established that this court felt compelled to state in In re Lewis' Will, supra, that the revocation of a will by a subsequent marriage "has become a rule of property in this state, acquiesced in by the nonaction of the Legislature for more than thirty years, and for this reason, if no other, it will be adhered to." The net effect of the rule of total revocation was to provide a pretermitted spouse with an intestate share, and by making the will void, beneficiaries under the will who were not heirs at law, were deprived of their gift under the will, in favor of heirs at law.

We must assume the legislature is well informed and reasonable, and its enactment, if possible, must be interpreted to accord with common sense and reason. Sandoval v. Rodriguez, 77 N.M. 160, 420 P.2d 308 (1966).

Since the legislature knew that a pretermitted wife was provided for, what then was the change? It was to save the will and not deprive beneficiaries thereunder who were not heirs at law, of the gifts to them. In order to logically do so, the gifts in the will would have to be reduced by the proportionate amount given to the pretermitted spouse.

268

In the circumstances of this case there was a technical disinheritance of a widow, but, in fact, the lady who became a surviving spouse was well provided for by a specific gift. Assuming that this technical unintentional disinheritance brought the surviving spouse within the purview of subsection A, we fail to see how the majority justifies its conclusion. Their conclusion goes against the clear statutory purpose of the 1967 enactment which was to preserve all portions of a will, except in situations under subsection B, not here involved.

Statutes are enacted as a whole and consequently each section or part should be construed in connection with every other part or section so as to produce a harmonious whole. State ex rel. Clinton Realty Co. v. Scarborough, 78 N.M. 132, 429 P.2d 330 (1967).

The majority opinion does not mention the last clause of subsection A which states that " * * * all the other inheritances, devises and bequests shall be reduced a proportional part." What happens to this clause, or otherwise stated "What is the impact of the majority opinion on that clause?" The result is that instead of being reduced a proportional part the "bequests" are increased a proportional part. This result makes it clear that the section is in fact ambiguous, and the interpretation by the majority is directly contrary to its language.

We are committed to an acceptance of the overall import of the language employed rather than the precise definition of the words themselves. State v. Nance, 77 N.M. 39, 419 P.2d 242 (1966).

In view of the foregoing, I would construe the statute to mean that the spouse, who is a named beneficiary and given more by the will than the share she would have received if she had been pretermitted under the will made prior to marriage, would not be deprived of the gift contained in the will.

I dissent.

MOISE, C. J., concurs.