556 P.2d 353

In the Matter of the ESTATE of Tom O. MONTOYA, Deceased, and in the Matter of the Last Will and Testament of Tom O. Montoya, Deceased.

Virginia M. CHAVEZ, Appellant,
v.
Cleo S. MONTOYA, Appellee.

No. 10673.

Supreme Court of New Mexico.

Sept. 7, 1976.

Rehearing Denied Dec. 7, 1976.

Standley, Quinn & Patterson, Fred M. Standley, Santa Fe, for appellant.

Marron & McKinnon, Owen B. Marron, Albuquerque, for appellee.

## OPINION

EASLEY, Justice.

The appellant, Virginia M. Chavez, named as the sole beneficiary and executrix in the will of her brother, Tom O. Montoya, brings an interlocutory appeal of the dismissal of her petition for admission of the will for probate in the District Court of Sandoval County. The trial court held that under § 30–1–7.1, N.M.S.A. 1953 (Supp.1975) the will was revoked and that the decedent Montoya died intestate. The decedent's wife, Cleo S. Montoya, was appointed administratrix of the estate. We affirm the decision of the trial court.

On September 30, 1965, Tom O. Montoya, the decedent, executed a will, which recognized his marriage to Cleo Montoya, but nevertheless bequeathed all of his property to his sister, Virginia Chavez. In 1967 Cleo and Tom Montoya were divorced. On November 6, 1969, they remarried and remained husband and wife until Mr. Montoya's death on June 24, 1975.

■ The appellant Chavez argues that the will was not revoked under § 30–1–7.1. This section provides:

Change in circumstances—Partial revocation.—A. If after making a will the testator marries and then dies, so far as the surviving spouse is concerned he shall be deemed to die intestate, and the surviving spouse or the descendants of the surviving spouse shall be entitled to such proportion of the estate of the testator as if he had died intestate; and all the other inheritances, devises and bequests shall be reduced a proportional part.

B. If after making a will the testator becomes divorced, all provisions in the will in favor of the testator's spouse so divorced are thereby revoked.

C. Except for the circumstances described in subsections A and B of this section and the provisions of 29–1–16 and 30–1–7 New Mexico Statutes Annotated, 1953 Compilation, no written will nor any part thereof can be revoked by any change in the circumstances or condition of the testator.

The trial court concluded that under subsection A, the will of Tom Montoya was revoked by his remarriage to Mrs. Montoya. This subsection was first interpreted in the case of *In re Will of Graef,* 81 N.M. 266, 466 P.2d 112 (1970). The court held that under § 30–1–7.1(A), a surviving wife could not elect to take by intestacy or under a will. It said that the statute was "clear and unambiguous" and required the partial revocation of a will which had been executed before the marriage. However, in *Graef* a remarriage was not involved as in the case before us.

The precise question then is: Does § 30–1–7.1(A) partially revoke a will when the husband divorces his wife and subsequently remarries her? The appellant Virginia Chavez cites several cases from other jurisdictions for the proposition that the will is not revoked upon remarriage. See *Czepiel v. Czepiel,* 146 Conn. 439, 151 A.2d 878 (1959); *Perkins v. Brown,* 158 Fla. 21, 27 So.2d 521 (1946); *Leggett v. Estate of Leggett,* 88 Nev. 140, 494 P.2d 554 (1972). These cases are not applicable to the one before us because the statutes involved were substantially different from our revocation provision. The statutes expressly state that the intention of testator should be considered before revocation is permitted. See e. g., Nev.Rev.Stat. § 133.- 110 (1973) [1] Section 30–1–7.1(A) has no

---

1. "Revocation by marriage: As to the spouse. If a person marries after making a will and the spouse survives the maker, the will is revoked as to the spouse, unless provision has been made for the spouse by marriage contract, or unless the spouse is provided for in the will, or *in such a way mentioned therein as to show an intention not to make such provision; and no other evidence to rebut the presumption of revocation shall be received.*" (emphasis added).

provision recognizing the intent of the testator.

Furthermore, a leading treatise states that "[u]nder a statute which provides that marriage operates as a revocation, a will is revoked which is executed when testator is married, . . . if testator is divorced from his wife and subsequently he remarries her." 2 W. Bowe & D. Parker, Page on Wills § 21.91, at 504 (Rev. ed. 1960). An old statute[2] similar to ours was interpreted in the case of *In re Matteote's Estate,* 59 Colo. 566, 151 P. 448 (1915). The testator divorced his wife but continued to live with her for four and one-half years, which gave rise to a common law marriage in Colorado. The court held that this "remarriage" revoked the will under the Colorado statute.

We agree with the result in *Matteote's Estate.* We also agree with *In re Will of Graef,* supra, that the statute is clear and unambiguous and hold that the will of Tom Montoya executed in 1965 was revoked as to Cleo Montoya in 1969 when he remarried her. Thus, Tom Montoya died intestate as to his wife.

 At first glance § 30–1–7.1(B) might seem also to revoke the will in 1967, when the Montoyas were divorced. This subsection, however, is not applicable because there were no provisions in the will "in favor of" the wife. To the contrary, all the provisions in the will were against the wife.

The appellant also argues that Tom Montoya consistently expressed an intention to disinherit his wife. However, any such intention is completely absent from the record before us. Even if his intentions were established, § 30–1–7.1(A) is clear and unambiguous and requires a revocation of the will upon remarriage. *In re Will of Graef,* supra.

In summary, Cleo Montoya is entitled to an intestate share of the estate of Tom Montoya. As surviving spouse, she inherits the entire estate. See §§ 29–1–9, 29–1–13, N.M.S.A.1953 (Supp.1975). Mrs. Montoya also has a right to act as administratrix of the estate under § 31–1–9, N.M.S.A.1953, which provides in part that "[i]f the deceased person makes no will, the estate shall be administered by the surviving conjugal partner, if married, . . . ." This right was held to be a preferential one in the case of *In re Matson's Estate,* 50 N.M. 155, 173 P.2d 484 (1946).

There is thus no practical reason to admit the will to probate since Virginia Chavez is not entitled to serve as executrix and can inherit nothing under the will. There being no other rights granted to appellant Chavez under the will it is revoked in its entirety as to her. The order of the district court denying admission of the will is affirmed.

IT IS SO ORDERED.

OMAN, C. J., and McMANUS, J., concur.

---

**2.** "No will shall be revoked otherwise than by the subsequent marriage of the testator, . . . ." Colo.Rev.Stat. § 7072 (1908). This statute differs from ours in that it provides for a complete revocation of the will, while in New Mexico only a partial revocation is contemplated.