PER CURIAM.
This is an appeal from an order of summary judgment and summary declaratory judgment finding that the petitioner/appellant, Georgia Barnes Norem, is a pretermit-ted spouse under section 732.301, Florida Statutes (1987).
These are the facts from which this appeal arises. In 1976 Robert Norem, Sr. created a trust to which he transferred all of the stock of his corporation, General Fabrics. After creating the Trust Mr. No-rem executed his Last Will and Testament wherein he bequeathed his residuary estate to the Trust and incorporated the Trust by reference into his Will. Through the Trust he gave his entire residuary estate to his son Robert Norem Jr. and he also granted to his second wife, Fern Norem, income of $500 per month upon his death.
Two years later, just before Robert No-rem was to marry his third wife, Georgia Barnes, he amended the Trust Agreement to revoke the prior gift of $500 dollars to his second wife and to replace it with a gift of $500 per month on his death to Georgia Barnes Norem on condition that:
[T]he Trust shall continue for the benefit of GEORGIA BARNES Grantor’s intended spouse provided that she is married to Grantor at the time of his death.
Very shortly thereafter the senior Mr. No-rem married Georgia Barnes. A few months after they were married Norem executed a second amendment to the trust to revoke the provision leaving Georgia Barnes Norem $500 per month. Georgia Norem and Robert Norem, Sr. lived together until his death in March 1988. Thereafter Georgia Norem filed a petition to be declared a pretermitted. spouse under section 732.301, Florida Statutes (1987) which provides:
Pretermitted spouse. When a person marries after making a will and the spouse survives the testator, the surviving spouse shall receive a share in the estate of the testator equal in value to that which the surviving spouse would have received if the testator had died intestate, unless:
(1) Provision has been made for, or waived by, the spouse by pre-nuptial or postnuptial agreement;
(2) The spouse is provided for in the will; or
(3) The will discloses an intention not to make provision for the spouse, (emphasis added)
The trial court entered an Order of Summary Judgment and Summary Declaratory Judgment declaring that Georgia Norem was a pretermitted spouse and determining that her share of the estate shall be the properties of the decedent which are subject to administration (that is, excluding the trust assets.) Georgia Norem appeals.
Although neither of the parties has addressed this issue, we reverse the summary finding of the trial court that Georgia No-rem was a pretermitted spouse. We find that the trial court’s ruling that Mrs. No-rem was a pretermitted spouse was a matter of fundamental error. In Estate of Ganier v. Estate of Ganier, 418 So.2d 256 (Fla.1982) the supreme court construed section 732.301 and explained that when a will, which is executed before a marriage, contains a provision for a named individual who later becomes the testator’s spouse, then the surviving spouse has the burden of proving that the provision was not made “in contemplation of marriage.” In the absence of such proof the surviving spouse will not be considered “pretermitted” and will not be entitled to an intestate share of the estate. Applying this to the instant case, it appears that there is an issue as to whether Georgia Norem could be considered a pretermitted spouse since the *436 trust provision in her favor itself seems to indicate that it was for Mr. Norem’s “intended spouse.” We also note that the burden of proof is upon Georgia Norem to show that the provision was not made in contemplation of marriage.
Additionally, we find issues of fact in the question of whether or not the provisions of section 732.301, Fla.Stat. (1987) were met. There is an issue of whether or not the will (which. incorporated the trust) made provision for Mrs. Norem. See In Re Livingston’s Estate, 172 So.2d 619 (Fla. 2d DCA 1965). There is also an issue as to whether the will disclosed an intention not to provide for Mrs. Norem when Mr. Norem, Sr. deleted the $500 a month gift to her. See Perkins v. Brown, 158 Fla. 21, 27 So.2d 521 (1946.)
Reversed and Remanded for further consistent proceedings.
DOWNEY, WALDEN and GUNTHER, JJ., concur.